```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         PARKERSBURG
```

**WILLIAM CUNNINGHAM,**

      Petitioner,

v.                                         **Case No. 6:08-cv-01265**

**WEST VIRGINIA,**

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On November 5, 2008, Petitioner filed a "Petition for Review" (docket # 2) and an Application to Proceed in forma pauperis (# 1). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition. This is the 17th civil action filed by this plaintiff since December of 2003. The prior 16 civil actions have been dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding where the plaintiff seeks to proceed in forma pauperis (without prepayment of fees), the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504

U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court of the United States addressed the standard applicable to dismissal for failure to state a claim upon which relief can be granted.  In Twombly, the Court observed that a motion to dismiss should be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1968-69 (explaining that the pleading standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), whereby courts look to whether the plaintiff can prove "no set of facts" giving rise to a claim "has earned its retirement").

While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65.  This screening is generally done prior to consideration of the Application to Proceed in forma pauperis.

Because Petitioner is pro se, the court is obliged to construe his pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the

plaintiff.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

Petitioner's Complaint states in pertinent part:

> This petition is for judicial review of the West Virginia stalking statute.  The petitioner believes that it on its face violates the "due process clause" or the XIV Ammendment [sic] and is unconstitutionally vague and broad.  This is a federal question claim.
>
> * * *
>
> In 2004, the petitioner was arrested under WVC § 61-2-9A.  He plead not guilty and was released on recognizance.  Later he was advised by coun[sel] to plead guilty for a plea bargain.
>
> [Text of statute; "history" of facts leading to the charge against Petitioner; "fact" section consisting of Petitioner's argument that the statute is overbroad and vague.]

(# 2 at 1-4).

It appears to the court that Petitioner is requesting the court to undertake a review of the constitutionality of West Virginia Code Section 61-2-9A and to render a declaratory judgment. Federal courts do not operate in this fashion.  Before a federal court rules on the constitutionality of a State statute, it must have a "case or controversy" before it.  In the context of a State statute criminalizing particular conduct, a challenge to the constitutionality of a State law may be raised in State court by a person who is currently being prosecuted for violating that statute.  Sometimes a State prisoner will raise an issue as to whether a State law violates a citizen's Federal constitutional

3

rights, but that challenge is usually made by a person who is "in custody," or is on parole, and that person must exhaust his remedies in State courts before filing in Federal court.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's "Petition for Review" (# 2) fails to state a claim upon which relief may be granted. Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's "Petition for Review" (# 2) pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DENY** Petitioner's Application to Proceed in forma pauperis (# 1).

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have ten days (filing of objections) and then three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Goodwin and this Magistrate Judge.

    The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

    November 17, 2008
            Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge