IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

WILLIAM CUNNINGHAM,

           Petitioner,

v.                                            CIVIL ACTION NO.  6:08-cv-01265

WEST VIRGINIA,

           Respondent.

**ORDER**

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and has recommended that the court find that the petitioner's Petition for Review [Docket 2] fails to state a claim upon which relief may be granted and, therefore, that the court dismiss the Petition for Review and deny the petitioner's Application to Proceed *in forma pauperis* [Docket 1].  The petitioner filed an Objection [Docket 5] asking only that the case be dismissed without prejudice so as to preserve his ability to raise his claims in another court or at another time.[1]

When a party fails to object to a portion of a Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation with regard to the portion of the report to which no party objected.  *See Camby v.*

---

[1] On January 9, 2009, the petitioner filed a "Petition for Removal" [Docket 6] in which he requests that the case be "removed from the docket of this court and transferred to the Kanawha County Circuit Court in Charleston WV."  I cannot simply transfer a case to the Kanawha County Circuit Court.  Accordingly, the Petition for Removal is **DENIED**.

*Davis,* 718 F.2d 198, 200 (4th Cir. 1983); *Campbell v. United States D. Ct. N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974). The court has reviewed those portions of the PF&R to which the petitioner did not object, and finds no clear error on the face of the record.

The petitioner alleges in his Petition for Review that West Virginia Code Section 61-2-9A is unconstitutional. Among other elements, "[i]n order to satisfy the standing requirement of Article III of the Constitution, a plaintiff must demonstrate that . . . it has suffered an injury in fact[.]" *Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 480 (4th Cir. 2003). As Magistrate Judge Stanley stated, "[b]efore a federal court rules on the constitutionality of a State statute, it must have a 'case or controversy' before it." (Proposed Findings & Recommendation 3 [Docket 4].) The typical way to challenge the constitutionality of a state criminal statute is to challenge it during a state court prosecution or to challenge it after exhausting state court remedies by filing a collateral attack in federal court. The petitioner, on the other hand, is not attempting either of those methods, but rather seeks a declaratory judgment from this court stating that the West Virginia statute is unconstitutional on its face. The court lacks jurisdiction to address the Petition because the petitioner effectively seeks an advisory opinion where no case or controversy exists. "The federal courts are forbidden by Article III of the Constitution from giving advisory opinions." *Boston Firefighters Union Local 719 v. Boston Chapter, N.A.A.C.P., Inc.*, 468 U.S. 1206, 1210 (1984). When a federal court lacks jurisdiction to hear a case, the case should be dismissed without prejudice. *See, e.g.*, *Stalley ex. rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008). Accordingly, I **ADOPT** the findings and recommendations of the Magistrate Judge in accordance with this Order, the petitioner's Application to Proceed *in forma pauperis* is **DENIED**, and the Petition is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 27, 2009

Joseph R. Goodwin, Chief Judge